UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

THE FERRANTE GROUP, INC. d/b/a )
DREAMERS CABARET and )
LAWRENCE FERRANTE, )
 )
      Plaintiffs )
 )
v. ) No. 2:10-cv-403-DBH
 )
CITY OF WESTBROOK and )
CHARLES JARRETT, )
 )
      Defendants )

MEMORANDUM DECISION ON MOTION TO AMEND COMPLAINT

The plaintiffs move in timely fashion for leave to amend their complaint to add constitutional claims and a claim under Maine Rule of Civil Procedure 80B, and to "streamline" the claims asserted in the original complaint. Plaintiffs' Motion to Amend Complaint (Docket No. 39). The defendants oppose only the addition of the Rule 80B claim. The plaintiffs filed no reply to this limited opposition.

In order to entertain the state-law claim, involving an appeal of a municipal administrative decision, this court would have to exercise its supplemental jurisdiction. The same claim is now pending in the Maine Superior Court (Cumberland County). Defendants' Limited Objection to Plaintiffs' Motion to Amend the Complaint (Docket No. 41), Attachment 1. Under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 814 (1976), abstention by this court is appropriate where exercise of its jurisdiction over a particular claim would be "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

1

The plaintiffs' Rule 80B appeal is such a matter. The state rule sets out a well-defined procedural path for review of municipal licensing decisions; the plaintiffs have not alleged that there is any federal constitutional infirmity in that process. Accordingly, this court should not duplicate the efforts of the Maine Superior Court that are already underway, particularly in circumstances such as these, where the state court is likely to be more familiar with that process.

In *Burns v. Watler*, 931 F.2d 140 (1st Cir. 1991), the First Circuit listed the factors that are to be considered when a party asks a federal trial court to abstain on this basis:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties.

*Id*. at 145 (citation omitted). The First Circuit added that other factors might merit consideration, "notably the vexatious or contrived nature of the federal claim[.]" *Id.*

Here, there is no *res*; the litigation will be no more "piecemeal" if the state-law claim is presented in federal court; and there is no indication that the attempt to bring this claim simultaneously in state and federal court was intended by the plaintiffs to be vexatious, so the first, third, and last factors favor neither party. The federal forum is not inconvenient, favoring the plaintiffs' motion. However, the state court first obtained jurisdiction over the Rule 80B claim, and the state court will adequately protect the interests of the parties. Additionally, as noted, the state court is more familiar with its own Rule 80B process than this court, and that process is already underway. On balance, therefore, the factors favor abstention.

The motion for leave to amend is **GRANTED IN PART.** The plaintiffs are **ORDERED** to file an amended complaint without the Count XIV that is included in the proposed amended

2

complaint (Docket No. 39-1) that was filed with the motion, no later than five business days from the date of this decision, or by March 7, 2011.

Dated this 28th day of February, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge