UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FERRANTE GROUP, INC., et al.,       )
                                     )
            Plaintiffs               )
                                     )
v.                                   )          No. 2:10-cv-403-DBH
                                     )
CITY OF WESTBROOK, et al.,           )
                                     )
            Defendants               )


### MEMORANDUM DECISION ON DISCOVERY DISPUTE

At my request, counsel for the defendants have submitted for my *in camera* review various emails that they have withheld from production on the basis that those documents are protected from discovery by the attorney-client privilege. They have also submitted their privilege log, which they prepared and provided to counsel for the plaintiffs, listing, *inter alia*, these documents. The plaintiffs' attorneys maintain that the documents must be produced. At my request following a telephonic discovery conference, the attorneys for both sides have submitted letter memoranda setting forth their legal arguments.

As I understand it, the plaintiffs' initial request was made under Maine's Freedom of Access Act, which provides, in relevant part:

> The Legislature finds and declares that public proceedings exist to aid in the conduct of the people's business. It is the intent of the Legislature that their actions be taken openly and that the records of their actions be open to public inspection and their deliberations be conducted openly. It is further the intent of the Legislature that clandestine meetings, conferences or meetings held on private property without proper notice and ample opportunity for attendance by the public not be used to defeat the purposes of this subchapter.

1 M.R.S.A. § 401. In addition:

> Except as otherwise provided by statute, every person has the right to inspect and copy any public record during the regular business hours of the agency or official having custody of the public record within a reasonable period of time after making a request to inspect or copy the record.

1 M.R.S.A. § 408(1). And, finally:

> The term "public records" means any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions, . . . and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business, except:
>
> * * *
>
> **B.** Records that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding[.]

1 M.R.S.A. § 402(3)(B).

The privilege at issue here is established by Maine Rule of Evidence 502:[1]

> **(b) General Rule of Privilege.** A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between the client or the client's representative and the client's lawyer or the lawyer's representative, or (2) between the lawyer and the lawyer's representative, or (3) by the client or the client's representative or the lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein, or (4) between representatives of the client or

---

[1] Federal Rule of Evidence 501 provides: "Except as otherwise required by the Constitution of the United Sates or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."

> between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.
>
> \* \* \*
>
> **(d) Exceptions.** There is no privilege under this rule:
>
> \* \* \*
>
> (6) *Public Officer or Agency*. As to communications between a public officer or agency and its lawyers unless the communications concern a pending investigation, claim or action and the court determines that disclosure will seriously impair the ability of the public officer or agency to process the claim or conduct a pending investigation, litigation or proceeding in the public interest.

Applying these rules to the documents at issue is a fairly straightforward task. The defendants originally withheld about 300 pages of documents pursuant to the attorney-client privilege, but then produced about 100 additional pages to the plaintiffs in a supplemental discovery response. A number of the documents provided to the court by defense counsel are not included in the privilege log, and, therefore, I will not consider them further.

After a careful review, I conclude that all of the disputed documents would ordinarily be included within the attorney-client privilege and, thus, not be discoverable. However, as to three of these documents, I cannot see how disclosure, even to the opposing party in a lawsuit based on the events that gave rise to the litigation, will seriously impair the ability of the defendants to defend this litigation. These documents, which are listed in the privilege log, bear Bates stamp numbers 000786-788 and 001115. *See Marquis v. City of Lewiston*, Civil Action Docket No. CV-88-358, CV 88-513, 1989 Me.Super.LEXIS 149, at \*4 (Me. Super. July 19, 1989). The first two documents are between William Baker and counsel and pertain to his request for copies of his emails produced to plaintiffs; the third document is an out-of-office reply from Colleen Hilton.

Plaintiffs' counsel suggests that "as neither the Westbrook Police Department nor William Baker is a party to this action, it is unclear whether they are a client for purposes of the

privilege." Plaintiffs' letter brief dated June 2, 2011, at 3. To the extent that this is meant as an argument that communications between Mr. Baker and defense counsel are not privileged – there are no communications between counsel and "the Westbrook Police Department" – I reject the argument. At the relevant time, Mr. Baker was Chief of Police for the defendant City of Westbrook and, thus, one of the authorized representatives through which the City could act. From all that appears, the individuals involved in the email chains who are not attorneys all fall within the attorney-client privilege as it applies to municipalities. *See generally Lerose v. United States*, No. 2:03-CV-02372, 2006 WL 304664, at *3 (S.D.W.Va. Jan. 11, 2006).

For the foregoing reasons, the defendants shall provide to the plaintiff the document bearing Bates stamp numbers 000786-788 and 001115. All other disputed documents continue to be protected by the attorney-client privilege as created and limited by applicable Maine law.

SO ORDERED .

Date this 2nd day of June, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge